IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| LJH ACQUISITIONS, INC. <br> AND YELLOWJACKET OILFIELD <br> SERVICES, INC. <br><br> PLAINTIFFS, <br><br> VS. <br><br> SLAUGH FISHING SERVICES, INC., <br> JAMES C. SLAUGH, <br> DONALD O. ROOKS, JR., AND <br> DEANNA SLAUGH <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) CA NO. 7:16-CV-00341 <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Plaintiffs, LJH Acquisitions, Inc. and Yellowjacket Oilfield Services, Inc., complaining of Defendants, Slaugh Fishing Services, Inc., James C. Slaugh, Donald O. Rooks, Jr., and Deanna Slaugh, and for cause of action would show the Court the following:

### I. PARTIES – PLAINTIFFS

1. Plaintiff LJH Acquisitions, Inc. ("LJH") is a Texas corporation.

2. Plaintiff Yellowjacket Oilfield Services, Inc. ("Yellowjacket") is a Texas corporation.

### II. PARTIES – DEFENDANTS

3. Defendant Slaugh Fishing Services, Inc. ("Slaugh Fishing") is a Utah corporation with its principal place of business in Vernal, Utah. Slaugh does not maintain a regular place of business in Texas and has not designated a registered agent for service of process in Texas. Pursuant to Sections 17.044 and 17.045, Tex. Civ. Prac. & Rem. Code, Slaugh may be served by serving duplicate copies of process upon the Texas Secretary of State, 1019 Brazos Street, Austin Texas, 78701, and upon Slaugh's Fishing registered agent, Donald O. Rooks, Jr., 14241 Canyon Vine

1

Cove, Draper, Utah, 84020.

4.     Defendant James C. Slaugh is an individual who resides in Vernal, Utah and can be served with summons at his place of business located at 519 S. 1500 E, Vernal, Utah 84078.

5.     Defendant Donald O. Rooks, Jr. is an individual who resides in Draper, Utah and can be served with summons at his place of business located at 519 S. 1500 E, Vernal, Utah 84078.

6.     Defendant Deanna Slaugh is an individual who resides in Vernal, Utah and can be served with summons at her place of business located at 519 S. 1500 E, Vernal, Utah 84078.

### III. VENUE AND JURISDICTION

7.     This Court has "diversity" subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiffs are citizens of the State of Texas, while Defendants are citizens of the State of Utah. The amount in controversy, as shown in greater detail below, exceeds $75,000, exclusive of interest and costs.

8.     This Court also has "federal question" subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this is an action arising under laws of the United States, specifically 28 U.S.C. §§ 1962 et seq. (the Racketeering Influenced and Corrupt Organizations Act [RICO]).

9.     This Court has "specific" personal jurisdiction over Defendants because the causes of action arise out of and are related to business done by Defendants in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042. Defendants have purposefully availed themselves of the benefits of doing business in Texas by entering into contracts with LJH and Yellowjacket that were performable in whole or in part in Texas, and by committing one or more torts in whole or in part in Texas.

10. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Yellowjacket currently maintains its principal place of business in Odessa, Texas, which is where (1) the contracts made the basis of suit were negotiated, executed, and performed in part; and (2) the promises and representations made the basis of suit were received and relied upon by LJH and Yellowjacket, in part.

## IV. FACTS

11. Plaintiff LJH is an investment company with holdings in several industries, including banking and oilfield service. Plaintiff Yellowjacket, which is a wholly-owned subsidiary of LJH, is in the oilfield service industry. Yellowjacket's president is Dustin Morgan.

12. Defendant Slaugh Fishing is an oilfield service company with offices and property in Utah, Colorado and North Dakota. Defendants James Slaugh, Donald Rooks, and Deanna Slaugh are owners and directors of Slaugh Fishing. Slaugh Fishing Services, Inc. and James Slaugh, Deanna Slaugh and Donald Brooks were engaged in interstate commerce at all times relevant.

13. Beginning in July 2016, LJH and Slaugh began negotiations for the purchase of all the shares of stock in Slaugh Fishing by LJH or an LJH affiliate. LJH tasked Yellowjacket's president, Dustin Morgan, with the responsibility for negotiating on behalf of LJH and its affiliates. Slaugh Fishing's authorized representative in the negotiations was James Slaugh.

14. By email dated July 18, 2016, Slaugh Fishing sent to Dustin Morgan at his office in Odessa, Texas a proposed Confidentiality Agreement to enable the parties to explore and discuss "a possible business transaction between Slaugh [Fishing] and Yellowjacket." Exhibit 1. Morgan signed the Confidentiality Agreement on behalf of Yellowjacket in Odessa, Texas.

15. Also by email dated July 18, 2016, and sent from his office in Odessa, Texas, Morgan

requested "a few things that I would need in order to start the review process," including Slaugh Fishing's balance sheet, profit and loss statements for the past 6 months, and a complete inventory of assets. Exhibit 2.

16. By email dated July 19, 2016, Slaugh Fishing provided Yellowjacket at its office in Odessa, Texas with a "rough asset inventory list" and promised that "the financials" were forthcoming shortly. Exhibit 3.

17. By another email dated July 19, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas a year-to-date profit and loss statement and a monthly gross sales chart. Exhibit 4.

18. In a third email dated July 19, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas a balance sheet. Exhibit 5.

19. By email dated August 3, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas a link to Slaugh Fishing's Price Book effective January 1, 2016. The email link and price book are attached hereto as Exhibit 6. Also by email dated August 3, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas Slaugh Fishing's articles of incorporation, certificate of existence, and owner information. Exhibit 7.

20. By another email dated August 3, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas property information, including an appraisal, pertaining to slaugh fishing's locations in North Dakota and Vernal, Utah. Exhibit 8.

21. By email dated August 4, 2016, Slaugh Fishing sent Yellowjacket at its office in Odessa, Texas an email link to certain leasing agreements. Exhibit 9.

22. On August 1, 2016, Morgan and James Slaugh had a face-to-face meeting at Slaugh Fishing's offices in Vernal, Utah. At the meeting, the parties negotiated the terms of the stock purchase agreement. The meeting ended with a handshake that a written letter of intent ("LOI")

would be executed and that pursuant to the LOI, the stock purchase was a done deal. During the meeting, James Slaugh expressed Slaugh Fishing's need for an immediate infusion of cash to cover operating expenses. Morgan agreed, provided that any advance would be made strictly as an advance on the stock purchase deal, for operating expenses only, and subject to Morgan's prior approval.

23. By email dated August 11, 2016, Slaugh Fishing presented Yellowjacket at its office in Odessa, Texas with a signed LOI, dated August 10, 2016, and wire transfer information. The email is attached hereto as Exhibit 10; the LOI as Exhibit 11; and the wire transfer information as Exhibit 12.

24. In reliance on Slaugh Fishing's and James Slaugh's representations and promises to Dustin Morgan that the stock purchase agreement was a done deal, on August 15, 2016, a wire transfer for $500,000 was made from LJH's account at American Bank, Sherman, Texas, to Slaugh Fishing's account at Mountain American Credit Union, Vernal, Utah. The wire transfer was confirmed in a "Funding Advance," which stated that

> This letter is to acknowledge that Yellowjacket Oilfield Services, LLC an affiliate of LJH Acquisitions, Inc. will advance $500,000.00 towards the purchase price of Slaugh Fishing Services, LLC and will be collateralized by the real property located at 2516 132nd C Ave. Arnegard, ND 58835. These funds are to be allocated for business operating expenses and debt service only. All expenditures and cash allocation must be approved by Dustin Morgan during this interim process. It is understood by both parties that this advance is not in any way to be allocated for personal or stockholder distribution.

A true and correct copy of the Funding Advance is attached hereto as Exhibit 13. Upon information and belief, Slaugh Fishing has spent most if not all of the money that was wire-transferred from LJH's account.

25. In further reliance on Slaugh Fishing's and James Slaugh's representations and promises to Dustin Morgan that the stock purchase agreement was a done deal, on or about September 2,

2016, and in further keeping with the LOI, Dustin Morgan sent Slaugh Fishing a Stock Purchase and Sale Agreement ("PSA"), a true and correct copy of which is attached hereto as Exhibit 14.

26. In furtherance of this scheme and pattern of behavior, another email dated August 16, 2016 was sent to Mr. Morgan at Yellowjacket's office in Odessa, Texas wanting $15,000 worth of payroll paid. Exhibit 15

27. Based on the representations the deal was done, Mr. Morgan approved the payroll in an email dated August 16, 2015 sent from Yellowjacket's office in Odessa, Texas.  Exhibit 16

28. Another email was sent to Mr. Morgan at Yellowjacket's office in Odessa, Texas showing him on August 16, 2016 showing Slaugh Fishing monthly income was approximately $300,000.00 along with a list of customers.   Exhibit 17

29. On August 17, 2016, an email was sent to Mr. Morgan at Yellowjacket's office in Odessa, Texas requesting that Slaugh Fishing taxes be paid out of the advance further demonstrating the deal was done.  Exhibit 18

30. A few days later after sending the PSA, and after having heard nothing in response, Dustin Morgan telephoned James Slaugh to inquire on the status of the PSA. James Slaugh informed Morgan, for the first time, that Slaugh Fishing was not going to do the deal after all. Inconsistent with the LOI, James Slaugh stated to Morgan that unless LJH agreed to completely satisfy Slaugh's outstanding third-party debt, there was no deal.  This communication was sent via phone and was received by Mr. Morgan in Odessa, Texas.

31. The emails, phone calls and money wire transfer were all in the pursuit of the same overarching scheme and involved multiple RICO predicate acts.

## V. CLAIMS

### COUNT I
### RICO Section 1962(c)

32.     Plaintiffs incorporate by reference as if copied verbatim herein all factual allegations contained in paragraphs 1-31 herein in support of their RICO counts. Defendants are culpable persons who conduct an enterprise that effects interstate commerce through a pattern of racketeering activity all of which caused injury to the Plaintiffs.

33.     This Count is against all four Defendants.

34.     Plaintiffs are a "person" in accordance with 18 USC § 1961(3). In accordance with RICO section 1964(c), Plaintiffs have a private cause of action under RICO. Slaugh Fishing is an enterprise engaged in, and whose activities affect interstate commerce. Slaugh Fishing is an enterprise in accordance with 18 UCS §1961(4). James Slaugh, Deanna Slaugh and Donald Rooks, Jr. are employed by or associated with the enterprise. They are also a culpable person as defined in RICO.

35.     Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity (wire fraud under 18 USC § 1343) and for the unlawful purpose of intentionally defrauding Plaintiffs. Specifically: through the use of emails, phone and money wire transfer, (See Exhibits 1-18) Defendants engaged in a pattern of leading Plaintiffs to believe a purchase of their shares was a done deal in order to effectuate the $500,000.00 wire transfer to Slaugh Fishing, which the individual defendants owned and controlled, all to their benefit and to the detriment of Plaintiffs.  Upon information and belief, this was all done by defendants knowing or having reason to know that the money could not be paid back.

36.     Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple

related acts of wire fraud through the use of emails (Exhibits 1-18) the $500,000.00 wire transfer and multiple phone calls across interstate lines.

37.     The acts set forth above and contained in Exhibits (1-18) constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

38.     Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

39.     As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property in that: (1) loss of the $500,000.00; (2) loss of use of the $500,000.00; (3) loss of approximately $300,000.00 per month in accounts receivable; (4) loss of the purchased equipment; (5) loss of the Utah and North Dakota real properties; (6) lost business opportunities and lost customer base and (7) loss of the real property at over $700,000.00.  Such losses and damages are specific acts of injury but is not limited to all losses.

## COUNT II
## RICO Section 1962(d)

40.     Plaintiffs incorporate by reference as if copied verbatim herein all factual allegations contained in paragraphs 1-31 herein in support of their RICO counts. Defendants are culpable persons who conduct an enterprise that effects interstate commerce through a pattern of racketeering activity all of which caused injury to the Plaintiffs.

41.     This Count is against all four Defendants.

42.     Plaintiffs are a "person" and are persons in accordance with 18 USC § 1961(3). Slaugh Fishing is an enterprise engaged in and whose activities affect interstate commerce.  Slaugh Fishing is an enterprise in accordance with 18 UCS § 1961(4). James Slaugh, Deanna Slaugh and

Donald Rooks, Jr. are employed by or associated with the enterprise.

43. As set forth above, Defendants agreed and conspired to violate 18 U S C § 1962(c) by conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity (Section 1962(c)). The Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c), 1962(d).

44. As a direct and proximate result of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business and property in that: (1) lost ownership in the enterprise through the stock sale;(2) loss of the $500,000.00; (3) loss of use of the $500,000.00; (4) loss of approximately $300,000.00 per month in accounts receivable; (5) loss of the purchased equipment; (6) loss of the Utah and North Dakota real properties; (7) lost business opportunities and lost customer base; (8) Loss of the real property at over $700,000.00; (9) the fraud perpetrated on Plaintiffs; (10) damages flowing from the breach of contract and promissory estoppel.

## COUNT 3
## FRAUD

45. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

46. This Count is against Defendants Slaugh Fishing and James Slaugh.

47.     Slaugh Fishing and James Slaugh represented to LJH and Yellowjacket that James Slaugh, Deanna Slaugh and Donald Rooks intended to sell all of their shares of stock in Slaugh Fishing to LJH, or an affiliate thereof, pursuant to the terms outlined in the LOI. These representations were made in the LOI and during the face-to-face meeting in Vernal, Utah between Dustin Morgan and James Slaugh. Slaugh Fishing and James Slaugh also represented to LJH and Yellowjacket during the face-to-face meeting in Vernal, Utah that Slaugh Fishing required the $500,000 advance to keep the business running pending the closing of the deal. These representations were material to Plaintiffs, and they were false. At the time the representations were made, there was no present intent to close the deal. When they made the representations, Slaugh Fishing and James Slaugh knew they were false, or they made the representations recklessly, as a positive assertion, and without knowledge of their truth. Slaugh Fishing and James Slaugh made the representations with the intent that Plaintiffs act on them. In turn, Plaintiffs relied on the representations, which caused the Plaintiffs injury.

## COUNT 4
## BREACH OF CONTRACT

48.     The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

49.     This Count is brought against all four Defendants.

50.     There was a valid, enforceable contract between the parties. Plaintiffs performed or tendered performance, while Defendants materially breached the contract. Defendants' breach caused the Plaintiffs damages, both in the loss of the benefit-of-the-bargain and in out-of-pocket losses.

## COUNT 5
## PROMISSORY ESTOPPEL

51. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

52. This Count is made against all four Defendants.

53. Defendants Slaugh Fishing and James Slaugh, with the authority of Deanna Slaugh and Donald Rooks, promised Plaintiffs that Defendants James Slaugh, Deanna Slaugh and Donald Rooks were going to sell all of their shares of stock in Slaugh Fishing to LJH or an affiliate thereof pursuant to the terms of the LOI; the Plaintiffs reasonably and substantially relied on those promises to their detriment; Plaintiffs' reliance was foreseeable by Defendants; and injustice can be avoided only by enforcing the Defendants' promise.

## COUNT 6
## SPECIFIC PERFORMANCE

54. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

55. This Count is brought against all four Defendants.

56. Plaintiffs do not have an adequate remedy at law for damages resulting from Defendants' breach of contract and promissory estoppel, and damages would be inadequate compensation. Plaintiffs are ready, willing, and able to perform under the contract. Furthermore, Plaintiffs have tendered performance. Plaintiffs therefore seek specific performance of the sale of all of the shares of stock in Slaugh Fishing pursuant to the terms enumerated in the LOI and PSA.

## VI. DAMAGES

57. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

58. Pleading in the alternative, Plaintiffs have suffered damages as a result of Defendant's fraud, breach of contract, and promissory estoppel in an amount in excess of $75,000, exclusive of interest and costs. Such damages include (1) lost ownership in the enterprise through the stock sale; (2) loss of the $500,000.00; (3) loss of use of the $500,000.00; (4) loss of approximately $300,000.00 per month in accounts receivable; (5) loss of the purchased equipment; (6) loss of the Utah and North Dakota real properties at over $700,000.00; (7) lost business opportunities and lost customer base; (8) the fraud perpetrated on Plaintiffs; and (9) damages flowing from the breach of contract and promissory estoppel.

## VII. ATTORNEY'S FEES

59. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

60. As the result of Defendant's RICO violations, breach of contract and promissory estoppel, Plaintiffs have had to retain counsel to prosecute this case. Plaintiffs seek to recover their attorney's fees, as may be necessary and reasonable, pursuant to chapter 38 of the Texas Civil Practice & Remedies Code and pursuant to RICO and attorney fees on appeal.

## VIII. EXEMPLARY DAMAGES/ADDITIONAL DAMAGES

61. The factual allegations contained in paragraphs 1-31 are incorporated herein by reference as if fully set out.

62. Plaintiffs would show by clear and convincing evidence that Defendant's fraud was committed fraudulently or maliciously, and that Plaintiffs are entitled to recover exemplary

damages pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code.  Plaintiffs are also entitled to recover additional treble damages pursuant to RICO.

### IX.  JURY DEMAND

63. Plaintiffs demand a trial by jury for all issues so triable.

### X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from the Defendants for specific performance, and in the alternative for all damages referenced above, including such actual, compensatory, special, additional, treble damages under RICO and punitive damages in such a manner as the evidence may show and the jury may determine to be proper, together with attorney's fees, costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiffs may show themselves justly entitled to at law or in equity.

Respectfully Submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
J. Mitchell Clark
TX State Bar No. 04283900
*Mailing Address*:
P.O. Box 2701
Corpus Christi, Texas 78403
TEL 361.887.8500
FAX 361.882.4500
EMAIL mitchell@txverdict.com

**DUNN, WEATHERED, COFFEY & KASPERITIS, P.C.**
Frank Weathered
TX State Bar No. 20998600
611 South Upper Broadway
Corpus Christi, Texas 78401
TEL 361.883.1594
FAX 361.883.1599
EMAIL frank@weatheredlaw.com
Pro Hac Vice

/s/ J. Mitchell Clark_____
J. Mitchell Clark
Frank Weathered
Attorneys for Plaintiffs